[ ] AMENDED

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE

_____

IN RE:   (1)   Tiffany Rena Troope                          Case No.

    (2)
Debtor(s)                                                    Chapter 13
_____

CHAPTER 13 PLAN
_____

Address: (1)   1987 Lydgate Cove                   (2)
             Memphis, TN 38116

PLAN PAYMENT:

    DEBTOR (1) shall pay $   100.00      ( )weekly, (x)every two weeks, ( )semimonthly, or ( )monthly

       (x)PAYROLL DEDUCTION FROM:                                OR   ( )direct pay
       Allenbrooke Nursing and Rehabilitation
       3933 Allenbrooke Cove
       Memphis, TN 38118

    DEBTOR (2) shall pay $              ( )weekly, ( )every two weeks, ( )semimonthly, or ( )monthly

       ( )PAYROLL DEDUCTION FROM:                                 OR   ( )direct pay


1. THIS PLAN (Rule 3015.1 Notice):

    (A) CONTAINS A NON-STANDARD PROVISION. [See plan provision #19}         ( )YES   (x)NO

    (B) LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF        ( )YES   (x)NO
        THE COLLATERAL FOR THE CLAIM.  [See plan provision #7 and #8]

    (C) AVOIDS A SECURITY INTEREST OR LIENS [See plan provision #12]        ( )YES   (x)NO

2. ADMINISTRATIVE EXPENSES:  Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. AUTO INSURANCE:  ( )Included in plan, OR ( )Not included in Plan; Debtor(s) to provide proof of insurance
                at Section 341 meeting.

4. DOMESTIC SUPPORT:  Paid by ( )Debtor(s) directly, ( )wage assignment, OR ( )Trustee to:   Monthly Plan Payment

    _____; ongoing payment begins _____   $_____
                Approximate arrearage:  _____   $_____
    _____; ongoing payment begins _____   $_____
                Approximate arrearage:  _____   $_____

5. PRIORITY CLAIMS:
    _____ Amount: _____  $_____
    _____ Amount: _____  $_____

6. HOME MORTGAGE CLAIMS: ( ) Paid directly by Debtor(s);  OR  ( )Paid by Trustee to:

    _____; ongoing payment begins _____   $_____
               Approximate arrearage:  _____   $_____
    _____; ongoing payment begins _____   $_____

                    Approximate arrearage: _____  $_____

7. SECURED CLAIMS:

    [Retain lien 11 U.S.C. 1325(a)(5)      Value of Collateral:      Rate of interest:      Monthly Plan Payment:

    _____    _____    _____%    $_____

    _____    _____    _____%    $_____

    _____    _____    _____%    $_____

8. SECURED AUTOMOBILE CLAIMS FOR DEBT WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:

    [Retain lien 11 U.S.C. 1325(a)]      Value of Collateral:      Rate of interest:      Monthly Plan Payment:

    _____    _____    _____%    $_____

    _____    _____    _____%    $_____

    _____    _____    _____%    $_____

9. SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED; STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:

    _____    Collateral: _____

    _____    Collateral: _____

10. SPECIAL CLASS UNSECURED CLAIMS:    Amount:      Rate of interest:      Monthly Plan Payment:

    _City Court Clerk_ _____    _$756.25_____    _____%    $____50.00_____

    _____    _____    _____%    $_____

    _____    _____    _____%    $_____

11. STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS:

    _Navient/US Dept. of Ed. _____    ( ) Not provided for    OR  (x) General unsecured creditor

    _____    ( ) Not provided for    OR  ( ) General unsecured creditor

12. THE JUDICIAL LIENS OR NON-POSSESSORY, NON PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. 522(f):

    _____

    _____

13. ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.

14. ESTIMATED TOTAL GENERAL UNSECURED CLAIMS:  $_____

15. THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:

    ( ) _____%  OR,

    (x) THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.

16. THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS:

    _____    ( ) Assumes   OR   ( ) Rejects.

    _____    ( ) Assumes   OR   ( ) Rejects.

17. COMPLETION:  Plan shall be completed upon payment of the above, approximately __60__ months.

18. FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.

19. NON-STANDARD PROVISIONS:

    _____

    _____

    _____

    ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.

20. CERTIFICATION:  THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE AS STATED IN

PROVISION 19.

_/s/Steven F. Bilsky_____    DATE:____10-14-19_____
Debtor(s) Attorney Signature or Pro Se Debtor(s)' Signature